is therefore not an essential element of transferring title to the money deposited, because when the deposit is made the money is delivered to the bank for the codepositor and joint owner, and is therefore a good delivery as to him. It was expressly held in West v. McCullough, 123 App. Div. 846, 108 N. Y. Supp. 493, affirmed 194 N. Y. 518, 87 N. E. 1130, that delivery of the bank book is not an essential element. The only significance of delivery of the bank book is to emphasize the intent which the transaction itself imports, and under certain circumstances to show that the deposit was or was not made for convenience in drawing.

There is no more reason why a man should not be presumed to intend the ordinary and natural import of his acts in making a deposit of this character than in doing any other act. The deposit which the plaintiff's testator made in the present case to the defendant or himself, or the survivor, certainly was not made for convenience in drawing, because defendant resided hundreds of miles from the depositor's home. That element, therefore, is eliminated. The plaintiff's testator clearly intended to pass title to the deposit to the defendant, in case the defendant survived him. All the evidence tends to show that he made his various deposits, including that in favor of the defendant, for the purpose of passing title to the money. That his deposits exceeded the limit allowed by law in savings banks in 1898, and that his attention was called to that fact, had no controlling bearing upon his ultimate intent as evidenced by his later acts. If his deposits did exceed the legal limit, is is very doubtful if he could correct that trouble by splitting up such deposits and making them to himself and another. Even if it was his original intent to bring himself within the law in this manner, his ultimate intent was to pass title to the money of the various deposits which he made and make his codepositors joint owners. The transaction was not in contravention of the statute of wills. A man has the right to transfer his property during his lifetime to whomsoever he likes, and make no will at all, or make one after he has made such transfer, if he desires. The situation was wholly different in Sullivan v. Sullivan, 161 N. Y. 554, 56 N. E. 116. In that case a deposit was made to the order of the depositor or, in case of her death to another, clearly evidencing no intent to pass present title. As I interpret the decision in Kelly v. Beers, supra, the Court of Appeals set at rest the contention concerning deposits of this character, and expressly held that the deposit of money to the order of the depositor or another, or the survivor, transferred title to the money and made such codepositor a joint owner of the deposit, entitled to withdraw it in case he survived the depositor, unless there were some other facts showing that there was no intent to make such transfer at the time the deposit was made. In the present case there was abundant evidence to sustain the finding of the court that the plaintiff's testator intended to pass title and make the defendant a joint owner of the deposit, and I think the judgment in his favor should be affirmed.

BRAINARD, Respondent, v. NEW YORK, D. & W. R. CO., Appellant. (Supreme Court, Appellate Division, Fourth Department. March 8, 1911.) Action by Warner Brainard against the New York, Delaware & Western Railroad Company. For former decision, see 126 N. Y. Supp. 1122. PER CURIAM. Motion for leave to appeal to Court of Appeals denied, with $10 costs.

BROCKELBANK, Respondent, v. McADAM, Appellant. (Supreme Court, Appellate Division, First Department. March 10, 1911.) Action by John C. Brockelbank against George H. McAdam. C. M. Beattie, for appellant. M. Hare, for respondent. No opinion. Judgment affirmed, with costs. Order filed.

BROOKLYN MASON CONTRACTING CO. v. BERGER et al. (two cases). (Supreme Court, Appellate Division, Second Department. March 28, 1911.) Action by the Brooklyn Mason Contracting Company against Max Berger and others. No opinion. Order affirmed, with $10 costs and disbursements.

BROOKLYN MASON CONTRACTING CO. v. BERGER et al. (Supreme Court, Appellate Division, Second Department. April 21, 1911.) Action by the Brooklyn Mason Contracting Company against Max Berger and others. No opinion. Judgment affirmed, with costs. See, also, supra.

BROOKLYN UNION COAL CO., Appellant, v. COHN, Respondent. (Supreme Court, Appellate Division, Second Department. April 7, 1911.) Action by the Brooklyn Union Coal Company against Isidor Cohn. No opinion. Judgment of the Municipal Court affirmed, with costs.

BROOKS, Respondent, v. TEPLISKY, Appellant. (Supreme Court, Appellate Division, Second Department. April 21, 1911.) Action by Elizabeth M. Brooks against Barnet Teplisky. No opinion. Motion granted, on condition that the appellant perfect his appeal, place the case on the present calendar, and be ready for argument on May 1, 1911; otherwise, motion denied, with $10 costs.

BROTHERS, Appellant, v. NEW YORK CENT. & H. R. R. CO., Respondent. (Supreme Court, Appellate Division, Fourth Department. March 29, 1911.) Action by Thomas Brothers, as administrator, etc., against the New York Central & Hudson River Railroad Company. No opinion. Motion for leave to appeal to Court of Appeals denied, with $10 costs. See, also, 127 N. Y. Supp. 1113.

BROWN, Respondent, v. RIORDAN, Appellant. (Supreme Court, Appellate Division, Second Department. April 21, 1911.) Action by Mortimer S. Brown against Daniel J. Riordan. No opinion. Judgment of the Municipal Court affirmed, with costs.